UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                                     Case No: 2:18-cv-649-FtM-38CM

BANK OF AMERICA and
REVERSE MORTGAGE
SOLUTIONS, INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Recusal filed on October 29, 2018. Doc. 9. Plaintiff requests that the undersigned recuse herself from this case, asserting that the undersigned's rulings in another matter involving Plaintiff[1] were "malicious" and biased against Plaintiff as a *pro se* party. *Id.* at 1-2.

If a judge is personally biased or prejudiced against a party or in favor of an adverse party, then she shall recuse herself when her "'impartiality might reasonably be questioned.'" *In re Walker,* 532 F.3d 1304, 1310 (11th Cir. 2008) (quoting 28 U.S.C. §§ 144, 455(a)). "The standard is 'whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.'" *Id.* (quoting *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000)). "'The general

---

[1] Plaintiff attaches certain filings from the other matter, *Jones v. Lee County Department of Human and Veteran Services*, No. 2:17-cv-427-FtM-29CM, including Plaintiff's motion for recusal of United States District Judge John E. Steele. *See* Doc. 9-1

rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.'" *Id.* (quoting *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1329 (11th Cir. 2002)). One exception to this rule is when the judge's remarks in a judicial context demonstrate bias or prejudice. *Id.* A friction between the court and a party is not sufficient to demonstrate bias. *Id.* (citations omitted). "Adverse rulings are grounds for appeal but rarely are grounds for recusal[.]" *Id.* at 1311 (citing *Liteky v. United States,* 510 U.S. 540, 554 (1994)).

Plaintiff's motion contains allegations regarding decisions made by this Court that were unfavorable to him in another matter pending before the undersigned. *See* Doc. 9 at 1. Adverse rulings, however, "are rarely grounds for recusal" and the rulings in the other matter do not demonstrate any personal bias by this Court or show that the undersigned's impartiality might reasonably be questioned. *See In re Walker*, 532 F.3d at 1311 (citation omitted). Thus, the motion is denied.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Recusal (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Plaintiff