DONALD JONES,

       Plaintiff,

v.                                   Case No:  2:18-cv-649-FtM-38CM

BANK OF AMERICA and
REVERSE MORTGAGE
SOLUTIONS, INC.,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff Donald Jones'
Motion, construed as a Motion for Reconsideration, filed on November 13, 2018.  Doc.
14.  The motion appears to have been filed in response to the Court's Order entered
on November 6, 2018, denying Mr. Jones' Motion for Recusal.  *See id.*; Doc. 11.  For
the reasons stated below, the motion is denied.

On November 6, 2018, the Court denied Mr. Jones' Motion for Recusal
requesting that the undersigned recuse herself from this case.  Doc. 11 at 1-2.  The
Motion for Recusal raised arguments related to unfavorable rulings in a separate
case.  *Id.*  The Court explained, however, that adverse rulings "are rarely grounds
for recusal" and did not show that the undersigned's impartiality might reasonably
be questioned and denied Mr. Jones' Motion for Recusal.  *Id.* at 2.  In the motion,
Mr. Jones alleges that the denial of his Motion for Recusal was malicious and asserts
that when a litigant requests that a judge recuse herself the judge is "expected to do

so[.]" Doc. 14. Thus, Mr. Jones "object[s]" to the denial of the Motion for Recusal. *Id.* Mr. Jones attaches to the motion an exhibit of an Order entered by the undersigned in another case in this Court, No. 2:17-cv-427-FtM-29CM, *Jones v. Lee County Department of Human and Veteran Services*, in which Mr. Jones is the plaintiff. *See* Doc. 14 at 2-3.[1]

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

Here, Mr. Jones' Motion for Reconsideration does not raise new issues or allege "strongly convincing" facts or points of law giving the Court reason to reverse its denial of the Motion for Recusal. *See Paine Webber*, 902 F. Supp. at 1521; *Carter*, 2006 WL 2620302 at *1. First, the exhibit attached to the Motion for

---

[1] On November 14, 2018, Mr. Jones filed a motion to add this exhibit to his Motion for Reconsideration, which the Court denied as moot as Mr. Jones had already included the exhibit when he filed the Motion for Reconsideration. *See* Docs. 18, 21.

Reconsideration was also attached to the Motion for Recusal and is not a new alleged fact. *See* Doc. 14 at 2-3; Doc. 9-1 at 3-4. Next, Mr. Jones cites to 28 U.S.C. § 455(b)(1), the statute about recusal of judges for personal bias, and *Bundy v. Rudd*, 366 So. 2d 440 (Fla. 1978),[2] in support of his Motion for Reconsideration. Doc. 14 at 1. Mr. Jones cited the recusal statute in the Motion for Recusal, however, and *Bundy* is a Florida Supreme Court case,[3] which is not binding precedent in federal court. *See id.*; 366 So. 2d at 441. Finally, the Motion for Reconsideration raises the same issues as the Motion for Recusal in that Mr. Jones is requesting that the undersigned recuse herself based on alleged bias. *See* Doc. 14 at 1; Doc. 9 at 1-2. Thus, Mr. Jones has not shown any ground to justify the Court reconsidering its prior Order.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion (Doc. 14), construed as a Motion for Reconsideration, is **DENIED.**

---

[2] The motion cites "Supreme Court [] Bundy v. Rudd 366" and this case appears to be the case Mr. Jones is referencing.

[3] *Bundy* involved a petition for disqualification of a state court judge in a criminal case, where the Florida Supreme Court directed the reassignment of a judge based on a procedural error in the judge's ruling on a motion for disqualification. *See* 366 So. 2d at 441-43.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties