UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

       Plaintiff,

v.                                Case No:  2:18-cv-649-FtM-38CM

BANK OF AMERICA and
REVERSE MORTGAGE
SOLUTIONS, INC.,

       Defendants.

_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file and Plaintiff's

Amended Complaint filed on November 5, 2018.  Doc. 10.[2]  For the reasons stated

below, the Court respectfully recommends the case be dismissed without prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

I.     Background

On October 9, 2018, the Court denied without prejudice Plaintiff's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, finding that Plaintiff met the poverty requirement but that Plaintiff's Complaint did not state a claim or establish subject matter jurisdiction and failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.   Doc. 4 at 2, 6-8.   The Court allowed Plaintiff to file an amended complaint on or before November 9, 2018.   *Id.* at 8.   On November 5, 2018, Plaintiff filed an Amended Complaint and attached as an exhibit a monthly statement from Defendant Reverse Mortgage Solutions, Inc. ("RMS") dated October 4, 2018.   Docs. 10, 10-1.

The one-page Amended Complaint is organized in numbered paragraphs, and its allegations are very similar to the allegations in the original Complaint.   Doc. 10; *see* Doc. 1.   In the Amended Complaint, Plaintiff asserts that this case was first heard in this Court in 2012, except the defendants in the previous case were Bank of America ("BOA") and Champion Mortgage instead of BOA and RMS.[3]   Doc. 10 ¶ 1.

_____

[3] The original Complaint in this case attached as an exhibit the Second Amended Complaint filed in the previous case, case number 12-cv-642, but the Amended Complaint does not attach it.   *See* Doc. 1-1.   In the previous case, Plaintiff sued BOA and Champion Mortgage for attempting to collect unpaid property taxes and insurance related to the mortgage discussed in the Amended Complaint in this case.   *See id.* at 1-3.   There, Plaintiff requested the same relief as he does here—that the court "dismiss" the mortgage and applicable fees.   *Id.* at 4; Doc. 10.   United States District Judge John E. Steele dismissed case number 12-cv-642 for lack of subject matter jurisdiction on June 17, 2013.   *See Jones v. Bank of America*, No. 2:12-cv-642-FtM-29DNF, 2013 WL 12091680, at *1-2 (M.D. Fla. June 17, 2013).   The Amended Complaint in this case states BOA transferred the mortgage to RMS, and, as noted in the Court's previous Order, it appears the unpaid taxes and insurance at issue in the previous case resulted in Plaintiff's default under the terms of the loan and the acceleration of the loan balance.   *See* Doc. 10; Doc. 4 at 3 (citing Docs. 1, 1-1, 1-2).

The Amended Complaint alleges the following facts: Defendants BOA and RMS used a "false fee" to threaten and harass Plaintiff with frivolous lawsuits; RMS is threatening Plaintiff with "due and payable notice[;]"[4] BOA transferred Plaintiff's mortgage to RMS to create fees and used fraud to create hazard insurance; and Defendants knew Plaintiff lived off of a fixed income when they took these actions. *Id.* ¶¶ 2-3. Plaintiff alleges Defendants discriminated against him because of his age,[5] violated his constitutional rights and committed fraud, and requests that the Court "dismiss" RMS's loan and fees and award damages in the amount of $75,000[6] for age discrimination, fraud, suffering, pain and legal fees. *Id.* ¶ 3.

## II.   Sufficiency of the Complaint

The Court previously found Plaintiff demonstrated sufficient economic eligibility to proceed *in forma pauperis*. Doc. 4 at 2. Even if an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, however, the Court must proceed to determine the sufficiency of the claims in the operative pleading. Under 28 U.S.C. § 1915, the Court shall dismiss an action if it is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[4] Plaintiff references Exhibit B as the "due and payable notice" he is describing in the Amended Complaint. Doc. 10 ¶ 2. The Amended Complaint contains only one exhibit, however, and does not include the document titled "Home Equity Conversion Mortgage Due and Payable Notice" that Plaintiff included with the original Complaint. *See* Doc. 10; Doc. 1-2.

[5] Plaintiff does not state his age in the Amended Complaint.

[6] The Amended Complaint also mentions the citizenship of the parties but only to allege that the parties are each citizens of the United States. Doc. 10 ¶ 3.

28 U.S.C. § 1915(e)(2).   "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557 (2017) (citation omitted).   Pro se pleadings, however, "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (quoting *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

   a. *Form of the Complaint*

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).   Claims or defenses should be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).   "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Yeyille v. Miami Dade Co. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).   The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings where each count adopts the allegations of all preceding counts; (2) pleadings that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) pleadings that do not separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which claim applies to which defendant.   *Id.*

Here, the Amended Complaint attaches as an exhibit a monthly statement from RMS but does not reference the exhibit, and references other documents that are not attached as exhibits. [7]   *See* Docs. 10, 10-1.   Further, the Amended Complaint is organized in numbered paragraphs, but each numbered paragraph does not relate to a single set of circumstances, and Plaintiff does not provide a short and plain statement why he is entitled to relief.   *See* Doc. 10; Fed. R. Civ. P. 8, 10(b). Accordingly, the Court recommends Plaintiff's Amended Complaint is a prohibited "shotgun pleading" that fails to adhere to the Federal Rules of Civil Procedure.   *See Yeyille*, 643 F. App'x at 884.

### b.   *Plaintiff's claims in the Amended Complaint*

Plaintiff alleges in the Amended Complaint that Defendants discriminated against him based on his age, violated his constitutional rights, and defrauded him. Doc. 10.   Plaintiff does not cite to any federal or state law he claims Defendants violated, however, except for the reference to his constitutional rights.   *See id.* Construing the Amended Complaint liberally, the most applicable federal statute to Plaintiff's age discrimination claim would appear to be the Age Discrimination in Employment Act ("ADEA").   To the extent Plaintiff's claim is under the ADEA, though, Plaintiff does not allege that either BOA or RMS employed him and does not allege his age in the Amended Complaint; thus, the Court recommends Plaintiff fails

---

[7] The Amended Complaint must stand on its own and incorporate every claim and allegation necessary; it does not include or incorporate the original Complaint or exhibits attached thereto.   *See* M.D. Fla. R. 4.01(a); *Schebel v. Charlotte County*, 833 F. Supp. 889, 890 (M.D. Fla. 1993).

to state any plausible claim for age discrimination.  *See id.*; *Castillo v. Allegro Resort Marketing*, 603 F. App'x 913, 916-17 (11th Cir. 2015) (citing 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1)).   As to the constitutional violations, Plaintiff does not specify in the Amended Complaint which constitutional provisions Defendants allegedly violated,[8] and the facts alleged do not obviously point to any specific constitutional provision.  *See* Doc. 10.   Thus, the Court recommends Plaintiff does not sufficiently allege any constitutional violation or purported claim under 42 U.S.C. § 1983.

Finally, as to Plaintiff's allegations of fraud, Plaintiff's factual allegations—that Defendants used a "false fee" to threaten him and used fraud to create hazard insurance—are unclear.  *See id.*  Further, Plaintiff does not reference any cause of action for the fraud Defendants allegedly perpetrated, and the Court is unable to discern any applicable cause of action from the allegations in the Amended Complaint.  *See id.*; *Caldwell v. U.S. Dept. of Veterans Affairs*, No. 8:14-cv-2708-T-33EAJ, 2015 WL 370012, at *3 (M.D. Fla. Jan. 27, 2015) ("The Court has no obligation to hypothesize federal claims, even considering [the plaintiff's] pro se status"); *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir.

---

[8] In the original Complaint, Plaintiff references the Fifth Amendment to the United States Constitution.  Doc. 1.   The Amended Complaint, however, does not contain this reference.   To the extent the Amended Complaint alleges a Fifth Amendment claim under 42 U.S.C. § 1983, the Court recommends Plaintiff does not state a claim as he has not alleged that *governmental actors* or a federal law "deprived [Plaintiff] of life, liberty or property, without due process of law."   U.S. Const. amend. V; *see also Penn. Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978); *San Fran. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987).

2010)) ("The leniency afforded to *pro se* pleadings 'does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action'").   Thus, the Court recommends that Plaintiff does not state any plausible claim for relief in the Amended Complaint.

### c.   *Subject matter jurisdiction*

Plaintiff did not include a Civil Cover Sheet listing the asserted basis for subject matter jurisdiction with the Amended Complaint.[9]   The Amended Complaint does reference constitutional violations, however, alleges that the parties are each citizens of the United States, and requests monetary damages of $75,000.   *See* Doc. 10.   "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."   *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).   "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States."   *Bell v. Hood*, 327 U.S. 678, 681 (1946). The plaintiff "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."   *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

The United States Supreme Court has stated that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell*, 327 U.S. at 681-82.   Those exceptions are that a lawsuit "may sometimes be

---

[9]  The original Complaint does not include a Civil Cover Sheet either.

dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83. These two exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, the Court recommends the Amended Complaint fails to sufficiently allege the Court's subject matter jurisdiction. First, Plaintiff does not reference any federal statute under which he may obtain relief. Further, although Plaintiff references constitutional violations, he does not specify the constitutional provisions Defendants allegedly violated, and the supporting facts alleged are unclear. *See* Doc. 10. Thus, the Court recommends Plaintiff's constitutional claims are implausible and insufficient to establish subject matter jurisdiction. *See Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1353. Further, although Plaintiff requests $75,000 in monetary damages, the Amended Complaint does not allege that the amount in controversy is $75,000 or greater.[10] *See id.*; 28 U.S.C. § 1332. Finally,

---

[10] The monthly statement attached to the Amended Complaint lists $34,727.27 as the loan balance and $4,015.40 as the amount of fees incurred during 2018 as of September 30, 2018. *See* Doc. 10-1 at 2. The loan balance and fees reflected on the monthly statement are the loan and fees Plaintiff requests that the Court "dismiss." *See* Doc. 10. Thus, this would appear to be the "amount in controversy" for purposes of diversity jurisdiction, which is lower than $75,000. *See* 28 U.S.C. § 1332.

Plaintiff alleges only that each party is a citizen of the United States and does not allege the parties are citizens of different states.   *See* Doc. 10; 28 U.S.C. § 1332.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The case be **DISMISSED without prejudice.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Plaintiff