UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                            Case No:  2:18-cv-649-FtM-38CM

BANK OF AMERICA and REVERSE
MORTGAGE SOLUTIONS, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion for the undersigned to Recuse Herself, Rule 455(a) (Doc. 38) filed on January 3, 2019.  Plaintiff, appearing *pro se*, filed a complaint against Defendants on October 2, 2018.  Plaintiff moved to proceed *in forma pauperis* but that request was denied with a directive to file an amended complaint. *See* Doc. 4. Plaintiff previously moved for recusal of U.S. Magistrate Judge Carol Mirando which was subsequently denied.  Plaintiff now moves to recuse the undersigned indicating this court "allowed the Magistrate to harass and attach the Plaintiff in violation of his Civil/Constitutional human right".

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. *See id.* at 1310-11. A judge contemplating recusal should not ask whether she believes she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). A judge, however, has a duty to sit when there is no legitimate reason to recuse as when the law and facts require. *See United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted). Moreover, § 455(b) provides certain situations in which partiality is presumed and recusal is required. If the judge reviews the enumerated conflicts of interest in which § 455(b) mandates recusal, and does not find that any apply, the judge is obligated to continue to preside over the case. See *Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-cv-0913-WSD, 2006 WL 898180 at *4 (N.D. Ga. Apr. 6, 2006).

Based on the foregoing and having carefully considered Plaintiff's motion, the undersigned finds that there is no reason to recuse herself due to impartiality. The undersigned, therefore, is obligated to continue to preside over this case.

Accordingly, it is now

**ORDERED:**

The Motion for Judge Chappell to Recuse Herself, Rule 455(a) (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of January, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record