UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                           Case No: 2:18-cv-649-FtM-38UAM

BANK OF AMERICA and REVERSE
MORTGAGE SOLUTIONS, INC.,

    Defendants.

_____/

### **ORDER**[1]

Before the Court is pro se Plaintiff Donald Jones' Motion to Put Judge Chappell Order Under Scrutiny. (Doc. 46). Six weeks ago, Jones objected to an unidentified order by the United States Magistrate Judge as "malicious" and "harassment." (Doc. 44). The Court denied without prejudice the objection because it did not know what order Jones was challenging. (Doc. 45). Jones now claims the Undersigned "sees only what she want [*sic*] to see. The motion the Plaintiff file clearly state that a judge can not denie [*sic*] a plaintiff or defendant a proceed in forma pauperis[.]" (Doc. 46). As best the Court can now tell, Jones wants the Court to reconsider its decision on his objection to his *in forma pauperis* status.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. Finality typically prevails because reconsidering an order is an extraordinarily remedy that courts use sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Because courts disfavor motions for reconsideration, they recognize only three grounds to reconsider prior orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010).

Here, the Court declines to reconsider its previous order denying *without prejudice* Jones' objection because he has not shown an intervening change in controlling law or the availability of new evidence. And there is no need to correct a clear error or manifest injustice because the Court is still considering Jones' *in forma pauperis* status. Indeed, the Court allowed Jones to file a Second Amended Complaint that is currently being reviewed under 28 U.S.C. § 1915. (Doc. 36).

Accordingly, it is now

**ORDERED:**

Plaintiff Donald Jones' Motion to Put Judge Chappell Order Under Scrutiny (Doc. 46) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of March 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record